IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXIS SATTERFIELD, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : : | |
| GOVERNMENT INSURANCE EMPLOYEES CO., *Defendant* | : : : : | No. 20-1400 |

## MEMORANDUM

PRATTER, J.  DECEMBER 8, 2020

Alexis Satterfield sustained injuries from a head-on motor vehicle accident. Ms. Satterfield was a passenger in a car insured by GEICO Secure Insurance Company[1] when another vehicle veered into oncoming traffic, lost control, and struck the car. Following the collision, Ms. Satterfield demanded payment of underinsured motorist benefits from GEICO. When GEICO failed to pay those benefits, Ms. Satterfield sued GEICO for breach of contract and statutory bad faith. GEICO moves to dismiss only the bad faith claim. For the reasons that follow, the Court grants the partial motion to dismiss.

### BACKGROUND

Due to the accident, Ms. Satterfield alleges she suffered significant physical injuries, including, among other things, a rib fracture, sternal fracture, and pulmonary embolism. Doc. No. 1 (Compl.) ¶ 11.

Because her injuries exceeded the available limits of third-party coverage, Ms. Satterfield demanded underinsured motorist benefits from GEICO under the policy issued to the driver of the car in which she was a passenger. *Id.* ¶ 18. The policy allegedly provided for such benefits. *Id.*

---

[1] Defendant notes that its proper name is GEICO Secure Insurance Company, not Government Employees Insurance Company.

1

¶ 7. She alleges that she promptly provided notice to GEICO of her intent to pursue underinsured motorist benefits. And she states that she fully complied with the terms and conditions of the policy, including submitting both her demand and medical records on July 19, 2019. *Id.* at 13 (Demand Letter). GEICO has allegedly failed and refused to pay the demand, thus prompting this case. *Id.* ¶ 20.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide a defendant with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Third Circuit instructs the reviewing court to conduct a two-part analysis. First, any legal conclusions are separated from the well-pleaded factual allegations and disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211.

To that end, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210. If the court can only infer "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## DISCUSSION

GEICO moves to dismiss Count II of the Complaint for statutory bad faith by an insurer under 42 Pa. C.S. § 8371. GEICO contends that the Complaint lacks the particularity required to state a claim and contains only conclusory allegations of bad faith. The Court agrees.

Under Pennsylvania law, to recover on a bad faith action against an insurer, a plaintiff must establish by clear and convincing evidence both "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017); 42 Pa. C.S. § 8371. The Third Circuit Court of Appeals has expressed that "mere negligence or bad judgment is not bad faith." *Canfield v. Amica Mut. Ins. Co.*, No. CV 20-2794, 2020 WL 5878261, at *4 (E.D. Pa. Oct. 2, 2020) (quoting *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005)). Rather, bad faith in this context means a "frivolous or unfounded refusal to pay proceeds of a policy . . . a breach of a known duty . . . through some motive of self-interest or ill will." *Babayan*, 430 F.3d at 137.

In its present iteration, Ms. Satterfield's Complaint fails to include specific facts regarding GEICO's actions, including those which would support a bad faith claim. District courts in this circuit "have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations unsupported by facts sufficient to raise the claims to a level of plausibility." *Elican v. Allstate Ins. Co.*, No. CV 17-03105, 2017 WL 6525781, at *4 (E.D. Pa. Dec. 21, 2017); *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (same); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 15-0077, 2015 WL 3444288, at *3 (E.D. Pa. May 28, 2015) (same). Ms. Satterfield alleges that (1) she provided notice of the loss and her intent to pursue underinsured motorist benefits from GEICO, (2) she demanded payment and submitted medical records to substantiate that demand, (3) GEICO failed to investigate thoroughly and fairly, (4) GEICO failed to communicate with Ms. Satterfield, (5) GEICO has refused to pay the demand, and (6) as a result, Ms. Satterfield has and continues to suffer loss and damages.

Ms. Satterfield needs to plead the "Five Ws"—the who, what, where, when, why—and how GEICO's conduct plausibly constitutes bad faith. In a recent case with analogous claims, the court found that the allegations—albeit cursory—were enough to show that the insurer lacked a reasonable basis to deny benefits. However, the court could not plausibly infer that the insurer knew or recklessly disregarded a lack of a reasonable basis to deny benefits. *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 15-0077, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015). So too here. The Third Circuit Court of Appeals has reminded plaintiffs that the mere "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012).

When, as here, a complaint is subject to a Rule 12(b)(6) dismissal, the Court should permit a curative amendment unless it would be futile or inequitable. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In her response in opposition to the Motion, Ms. Satterfield has not requested leave to amend. Regardless, the opportunity to amend must be offered even if it is not specifically requested.

For these reasons, the Court dismisses Count II but with leave for Ms. Satterfield to file an amended complaint that identifies GEICO's allegedly unreasonable conduct.

## Conclusion

For the reasons set out in this Memorandum, the Court grants Defendant's partial motion to dismiss. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

4